BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | No. 3:19-cr-00036-SLG-DMS |
|---|---|---|
| Plaintiff, | ) | |
| | ) | COUNTS 1-4: |
| | ) | VIOLATION OF THE LACEY ACT |
| vs. | ) | Vio. of 16 U.S.C. § 3372(a)(2)(A) and |
| | ) | 16 U.S.C. § 3373(d)(1)(B) |
| PAUL SILVAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I N D I C T M E N T

The Grand Jury charges that:

GENERAL ALLEGATIONS

1. The Noatak National Preserve lies south of the Brooks Range and encompasses approximately 6.7 million acres. The Noatak National Preserve was declared a National Preserve in December 1980. Due to its remoteness, pristine habitat and wildlife populations, the Noatak Basin, which is encompassed by the Noatak National Preserve, is a designated UNESCO International Biosphere Reserve.

2. Hunting is permitted in the Noatak National Preserve and all hunters are required to follow state and federal regulations. At all times relevant to this Indictment the Alaska Department of Fish and Game (ADFG) designated the Noatak National Preserve as being within Game Management Unit (GMU) 23.

3. At all times relevant to this Indictment, any non-Alaska resident hunter intending to hunt brown bear or moose within GMU 23 were required to apply for and receive a draw permit from ADFG.

4. Hunters holding licenses, permits and associated big game tags are required to accurately and truthfully report specific hunt information on big game animals they hunted for and/or killed to ADFG.

5. The sections of the Noatak River at issue in this indictment lie within the confines of the Noatak National Preserve.

6. Defendant PAUL SILVAS is a resident of the state of Idaho and has never been a registered big game guide in the state of Alaska.

7. With respect to Counts 1 through 4 of this indictment, PAUL SILVAS filed false state of Alaska Department of Fish and Game hunt records in order to conceal the illegal take of game and to conceal an illegally guided hunt.

8. Individuals A, B, C and D, as referenced in Counts 1-4 of this indictment, are not Alaska residents.

9. Individuals A, B, C and D, as referenced in Counts 1-4 of this indictment did not, when hunting with PAUL SILVAS, possess the appropriate state of Alaska draw hunt permit or big game locking tag.

10. With respect to all counts of this indictment, PAUL SILVAS created the appearance of legally taken brown bears by manufacturing a false claim of second degree of kindred to an Alaska resident. Specifically, PAUL SILVAS claimed to be second degree of kindred to another Alaska resident when, in truth and in fact, he was not.

## RELEVANT LAW AND REGULATIONS

11. Section 3372(a)(2)(A) of the Lacey Act makes it unlawful for any person to transport in interstate commerce, any wildlife taken in violation of any law or regulation of any State.

12. Section 3372(c)(1) of the Lacey Act states it is deemed to be a sale of wildlife for a person, for money or other consideration, to offer or provide guiding, outfitting or other services.

13. Section 3372(c)(1) and (2) of the Lacey Act states it is deemed to be a sale or purchase of wildlife for a person to obtain for money or other consideration guiding, outfitting or other services.

14. Section 3373(d)(1)(B) of the Lacey Act states that it is unlawful for an individual to knowingly engage in conduct that involves the sale or purchase of wildlife with a market value in excess of $350 knowing that the wildlife was taken, possessed or sold in violation of law.

### State of Alaska Laws and Regulations

15. Alaska Statute Title 8, Chapter 54.720(a)(9) states it is unlawful for a person without a current registered guide-outfitter license to knowingly guide or represent to be a registered guide-outfitter.

16. Alaska Statute Title 11, Chapter 56.210 states a person commits the crime of unsworn falsification if, with the intent to mislead a public servant in the performance of a duty, the person submits a false written or recorded statement which the person does not believe to be true, (1) in an application for a benefit or, (2) on a form bearing notice, authorized by law, that false statements made in it are punishable, i.e. a bear sealing certificate, or a big game tag record.

17. Alaska Statute Title 16, Chapter 5.330(a)(2) makes it unlawful for a person to hunt without having the appropriate license or tag in actual possession.

18. Alaska Statute Title 16, Chapter 5.340(a)(15) makes it unlawful for a nonresident to take a big game animal without previously purchasing a numbered, non-transferable, appropriate tag issued under this paragraph. The tag must be affixed to the animal before leaving the kill site and must remain affixed until the animal is prepared for storage, consumed or exported.

19. Alaska Statute Title 16, Chapter 5.407(a) requires that a non-resident hunter be accompanied by a registered big game guide or a relative who is related to the non-resident hunter within and including the second degree of kindred, by marriage or blood in order to hunt brown bear.

20. Alaska Statute Title 16, Chapter 5.420(a) states a false statement of a material fact in an application for a license, tag, or permit voids the license, tag, or permit for which the application is made.

21. Alaska Statute Title 16, Chapter 5.420(c) makes it unlawful for a person to whom a license or tag has been issued to loan or transfer the license or tag. A person may not use a license or tag that has been issued to another person.

22. In order to lawfully hunt brown bear and bull moose in GMU 23, a non-resident hunter would be required to possess the appropriate ADFG draw permits as well as purchasing the appropriate big game tags from ADFG.

## COUNT 1

23. Paragraphs 1-22 are incorporated herein.

24. On or about September 12, 2014, in the Noatak River drainage, within the Noatak National Preserve, in the State and District of Alaska and elsewhere, PAUL SILVAS did take wildlife with a market value in excess of $350, to wit, one brown bear, which PAUL SILVAS knew was taken, possessed and transported in violation of Alaska state laws, in that uncharged co-defendant A, a resident of Idaho, did take a brown bear without possessing the appropriate ADFG draw permit or the required brown bear tag while being guided by PAUL SILVAS with PAUL SILVAS not being of second degree of kindred to uncharged co-defendant A, nor a registered big game guide in the state of Alaska.

25. All in violation of Alaska Statute Title 16, Chapter 5.330(a)(2) (no tag in possession), Alaska Statute Title 16, Chapter 5.340(a)(15) (failure to purchase non-resident tag) and Alaska Statute Title 16, Chapter 5.407(a) (not accompanied by a registered guide), Alaska Statute Title 16, Chapter 5.420(c) (using a state of Alaska big

game tag issued to another) all in violation of Title 16, United States Code, §§ 3372(a)(2)(A) and 3373(d)(1)(b).

## COUNT 2

26. Paragraphs 1-22 are incorporated herein.

27. On or about September 5, 2014, in the Noatak River drainage, within the Noatak National Preserve, in the State and District of Alaska and elsewhere, PAUL SILVAS did take wildlife with a market value in excess of $350, to wit, one brown bear, which PAUL SILVAS knew was taken, possessed and transported in violation of Alaska state laws, in that uncharged co-defendant B, a resident of Utah, killed the brown bear without possessing the appropriate ADFG draw permit or the required brown bear tag and while being guided by PAUL SILVAS, with PAUL SILVAS not being of second degree of kindred to uncharged co-defendant B, nor a registered big game guide in the state of Alaska.

All in violation of Alaska Statute Title 16, Chapter 5.330(a)(2) (no tag in possession), Alaska Statute Title 16, Chapter 5.340(a)(15) (failure to purchase non-resident tag) and Alaska Statute Title 16, Chapter 5.407(a) (not accompanied by a registered guide), Alaska Statute Title 16, Chapter 5.420(c) (using a state of Alaska big game tag issued to another) all in violation of Title 16, United States Code, §§ 3372(a)(2)(A) and 3373(d)(1)(b).

## COUNT 3

28. Paragraphs 1-22 are incorporated herein.

29. On or about September 25, 2013, and continuing up to on or about October 15, 2014, in the Noatak River drainage, within the Noatak National Preserve, in the State and District of Alaska and elsewhere, PAUL SILVAS did take wildlife with a market value in excess of $350, to wit, one brown bear, which PAUL SILVAS knew was taken, possessed and transported in violation of Alaska state laws, in that uncharged co-defendant C, a resident of Utah, did take a brown bear without possessing the appropriate ADFG draw permit or the required brown bear tag and while being guided by PAUL SILVAS, with PAUL SILVAS not being of second degree of kindred to uncharged co-defendant C, nor a registered big game guide in the state of Alaska.

All in violation of Alaska Statute Title 16, Chapter 5.330(a)(2) (no tag in possession), Alaska Statute Title 16, Chapter 5.340(a)(15) (failure to purchase non-resident tag) and Alaska Statute Title 16, Chapter 5.407(a) (not accompanied by a registered guide), Alaska Statute Title 16, Chapter 5.420(c) (using a state of Alaska big game tag issued to another) all in violation of Title 16, United States Code, §§ 3372(a)(2)(A) and 3373(d)(1)(b).

## COUNT 4

30. Paragraphs 1-2 are incorporated herein.

31. On or about September 18, 2013, and continuing up to on or about September 30, 2014, in the Noatak River drainage, within the Noatak National Preserve, in the State and District of Alaska and elsehwere, PAUL SILVAS did take wildlife with a market value in excess of $350, to wit, one brown bear, which PAUL SILVAS knew was taken, possessed and transported in violation of Alaska state laws, in that uncharged co-

defendant D, a resident of Utah, did take a brown bear without possessing the appropriate ADFG draw permit or the required brown bear tag and while being guided by PAUL SILVAS, with PAUL SILVAS not being of second degree of kindred to uncharged co-defendant D, nor a registered big game guide in the state of Alaska.

All in violation of Alaska Statute Title 16, Chapter 5.330(a)(2) (no tag in possession), Alaska Statute Title 16, Chapter 5.340(a)(15) (failure to purchase non-resident tag) and Alaska Statute Title 16, Chapter 5.407(a) (not accompanied by a registered guide), Alaska Statute Title 16, Chapter 5.420(c) (using a state of Alaska big game tag issued to another all in violation of Title 16, United States Code, §§ 3372(a)(2)(A) and 3373(d)(1)(b).

A TRUE BILL.

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

s/ Steven E. Skrocki
STEVEN E. SKROCKI
United States of America
Assistant U.S. Attorney

s/ Bryan Schroder
BRYAN SCHRODER
United States of America
United States Attorney

DATE:     3/19/19