BRYAN SCHRODER
United States Attorney

JONAS WALKER
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: jonas.walker@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:19-cr-00036-SLG |
| Plaintiff, | ) |
| vs. | ) |
| PAUL BRIAN SILVIS, | ) |
| Defendant. | ) |

## PLEA AGREEMENT

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

# I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

## A. Summary of Agreement

The defendant agrees to plead guilty to the following count(s) of the Indictment in this case: Counts 1 and 2, Violations of the Lacey Act, in violation of 16 U.S.C. § 3372(a)(2)(A) and 16 U.S.C. § 3373(d)(1)(B).

The United States agrees to recommend a sentence within the applicable Guideline range as calculated by the Court at sentencing. The United States agrees not to prosecute the defendant further for any other offense related to the event(s) that resulted in the charge(s) contained in the Indictment. The United States agrees to dismiss Counts 3 and 4 of the Indictment after the Court imposes sentence regarding Counts 1 and 2.

The defendant will waive all rights to appeal the conviction(s) and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction(s) and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

## B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

1. **The defendant agrees to plead guilty to the following count(s) of the Indictment:**

Counts 1 and 2: Violations of the Lacey Act, in violation of 16 U.S.C. § 3372(a)(2)(A) and 16 U.S.C. § 3373(d)(1)(B).

### B. Elements

The elements of Counts 1 and 2, Violations of the Lacey Act, in violation of 16 U.S.C. § 3372(a)(2)(A) and 16 U.S.C. § 3373(d)(1)(B), are as follows:

First, the defendant transported or sold wildlife in interstate commerce;

Second, the defendant knew that the wildlife had been taken, possessed, transported, or sold in violation of any law or regulation of the State of Alaska;

Third, the market value of the wildlife taken, possessed, transported, or sold, exceeded $350.

### C. Factual Basis

The defendant admits the truth of the allegations in Counts 1 and 2 of the Indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

The Noatak National Preserve, within the District of Alaska, lies south of the Brooks Range and encompasses approximately 6.7 million acres. The Noatak National Preserve

was declared a National Preserve in December 1980. Due to its remoteness, pristine habitat, and wildlife populations, the Noatak Basin, which is encompassed by the Noatak National Preserve, is a designated UNESCO International Biosphere Reserve.

Hunting is permitted in the Noatak National Preserve and all hunters are required to follow state and federal regulations. The Alaska Department of Fish and Game (ADF&G) designated the Noatak National Preserve as being within Game Management Unit (GMU) 23. Any non-Alaska resident hunter intending to hunt brown bear or moose within GMU 23 were required to apply for and receive a draw permit from ADF&G. Under Alaska state law, non-resident brown bear hunters are required to be accompanied by a registered guide-outfitter. Hunters holding licenses, permits, and associated big game tags are required to accurately and truthfully report to ADF&G specific hunt information on big game animals they hunted for and/or killed.

The defendant, PAUL BRIAN SILVIS, is a resident of the state of Idaho and has never been a registered guide-outfitter in the state of Alaska. Over the period of approximately 2009 to 2016, the defendant repeatedly violated the Lacey Act by unlawfully providing guide services within the Noatak National Preserve. The defendant acquired approximately $121,500.00 by unlawfully selling and providing guide services regarding approximately seven hunts, resulting in the unlawful taking of seven brown bears and one moose.

The defendant advertised his unlicensed guiding services under the name "Orion Outfitters." The defendant solicited customers in various ways, including emailing photographs of prior hunts to customers. The defendant submitted fraudulent business

records to ADF&G to conceal the crimes. For example, the defendant submitted documents falsely claiming that he was related, by a second degree of kindred, to an Alaska resident. By falsely claiming to be related to an Alaska resident, the defendant fraudulently induced and caused ADF&G to seal brown bears that had been unlawfully taken, thereby facilitating the Lacey Act violations.

Regarding Count 1, the defendant unlawfully sold a bear hunt in the Noatak National Preserve to Person A, a resident of Idaho. On or about September 12, 2014, while being guided by the defendant, Person A shot a brown bear in the Noatak National Preserve. The shooting constituted a "taking" of the brown bear. The defendant caused another person to affix an ADF&G seal to the taken brown bear. The defendant knew that the ADF&G seal falsely identified the bear as having been taken by a person related to the defendant, and, thereby, fraudulently concealing the unlawful taking. The defendant caused the unlawfully taken brown bear to be transported from Alaska to a location outside Alaska. The unlawfully taken brown bear had a market value in excess of $350.00.

Regarding Count 2, the defendant unlawfully sold a bear hunt in the Noatak National Preserve to Person B, a resident of Utah. On or about September 5, 2014, while being guided by the defendant, Person B shot a brown bear in the Noatak National Preserve. The shooting constituted a "taking" of the brown bear. The defendant caused another person to affix an ADF&G seal to the taken brown bear. The defendant knew that the ADF&G seal falsely identified the bear as having been taken by a person related to the defendant, and, thereby, fraudulently concealing the unlawful taking. The defendant caused

the unlawfully taken brown bear to be transported from Alaska to a location outside Alaska. The unlawfully taken brown bear had a market value in excess of $350.00.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

#### 2. Other Matters Affecting Sentence

##### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

### E. Restitution and community service payments

The defendant is free to argue regarding restitution and community service payments.

The United States may move the Court to order that the defendant pay $80,000.00 in restitution and community service payments, as follows:

//

| Recipient | Type of Payment | Amount | Note |
|---|---|---|---|
| The National Wildlife Foundation | Community Service Payment | $70,000.00 | 7 brown bear ($10,000 per bear) |
| State of Alaska | Restitution | $7,500.00 | 1 moose ($7,500 per moose) |
| Three individuals known to the parties | Restitution | $2,500.00 (total) | Deposits paid for hunts that did not occur |

The United States may argue that the Court should order the defendant to make a community service payment in the amount of $70,000.00 pursuant to §8B1.3 of the Federal Sentencing Guidelines and in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. § 3553(a). Defendant and the government agree that any community service payment shall be made to the National Fish and Wildlife Foundation ("NFWF"), a charitable and nonprofit corporation established pursuant to 16 U.S.C. §§ 3701-3709. NFWF's purposes include the acceptance and administration of "private gifts of property for the benefit of, or in connection with, the activities and services of the United States Fish and Wildlife Service," and the performance of "such other activities as will further the conservation and management of the fish, wildlife, and plant resources of the United States, and its territories and possessions for present and future generations of Americans." Id. § 3701(b)(1), (2). To the extent possible, the community service payment shall be applied to projects affecting the Noatak National Preserve, and/or brown bears and moose in Alaska.

The Court will have sole discretion ultimately to determine if the defendant has liability for any additional restitution.

### F. Voluntary Abandonment

Personal property to be voluntarily abandoned under this agreement include the following items: The defendant abandons all his camping gear in the government's possession. The defendant warrants that the defendant had sole possession and ownership of the property referenced above, and that there are no claims to, or liens or encumbrances on the property referenced above. Defendant will take all steps as requested by the United States to pass clear title to the property, including but not limited to, executing documents, and testifying truthfully in any legal proceeding. The defendant agrees to forever abandon and disclaim any right, title, and interest the defendant may have in the property described above, and warrant to the Court free, clear and unencumbered title to the aforelisted property.

### G. Joint recommendation for lifetime hunting ban in Alaska.

At sentencing, the parties will jointly move the Court for an order that the defendant not hunt in Alaska for the remainder of his natural life. The parties agree that the Court has the authority to issue this order pursuant to 28 U.S.C. § 1651. This order may be enforced pursuant to 18 U.S.C. § 401(3).

### H. Joint recommendation for public apology.

At sentencing, the parties will jointly move the Court for an order establishing a condition of supervised release that the defendant publish the text below on 1/6 of a page in the next available issue in *The Alaska Professional Hunter Association Magazine*:

> My name is Paul Brian Silvis. Over 2009 to 2016, I violated federal and State of Alaska wildlife laws in and around the Noatak National

Preserve. Using the name "Orion Outfitters," I guided brown bear and moose hunters without being a registered guide-outfitter or having the appropriate hunting and business licenses. This included filing false paperwork with the State of Alaska, which concealed the illegal nature of the hunts.

The Alaska Wildlife Troopers and National Park Service investigated my crimes. I apologize to all Alaskans, and all honest hunters and guides.

This message was ordered by the Court as part of my sentence for violating the Lacey Act. It is a federal crime to import, export, transport, sell, receive, acquire, or purchase in interstate commerce, any fish or wildlife taken in violation of state or federal law.

### III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

#### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

#### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

*U.S. v. Paul Brian Silvis*
3:19-cr-00036-SLG                    Page 10 of 18

Case 3:19-cr-00036-SLG-DMS   Document 29   Filed 09/26/19   Page 10 of 18

1. **Acceptance of Responsibility**

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

C. **Sentencing Recommendations**

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The United States agrees to recommend a sentence within the Guideline range as calculated by the Court at sentencing. The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section 0, any additional facts established at the imposition of

sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea(s) and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section 0.

Provided, however, if the defendant's guilty plea(s) or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;
- The right to object to the composition of the grand or trial jury;
- The right to plead not guilty or to persist in that plea if it has already been made;
- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;
- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;
- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;
- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and
- The right to contest the validity of any searches conducted on the defendant's property or person.

### B. Appellate Rights

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction(s) and guilty plea[s], including arguments that the statute(s) to which defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions

of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section 0. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the defendant's in-court admission to the factual basis supporting the plea(s). This provision applies regardless of whether the court accepts this plea agreement.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable

to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Paul Brian Silvis, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures

will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charge(s) to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute(s) applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Counts 1 and 2 of the Indictment: Violations of the Lacey Act, in violation of 16 U.S.C. § 3372(a)(2)(A) and 16 U.S.C. § 3373(d)(1)(B).

DATED: September 12, 2019

_____
PAUL BRIAN SILVIS
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. **This is the third formal plea offer conveyed by the United States; the first having been emailed to me on June 14, 2019, and the second having been emailed to me on June 17, 2019.** I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 9/17/19.

_____
KEVIN FITZGERALD
Attorney for Paul Brian Silvis

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 9/26/19

_____
BRYAN SCHRODER
United States of America
United States Attorney