Kevin T. Fitzgerald
ABA No. 8711085
Ingaldson Fitzgerald, P.C.
813 West Third Avenue
Anchorage, Alaska 99501
(907) 258-8750
(907) 258-8751/Facsimile
E-mail: kevin@impc-law.com


Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:19-cr-00036-SLG-DMS |
| | ) | |
| Plaintiff, | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SILVIS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

COMES NOW Defendant, Paul Silvis, by and through counsel, Ingaldson Fitzgerald, P.C., and hereby submits his Sentencing Memorandum to assist the Court in fashioning an appropriate sentence currently scheduled for December 15, 2020. Silvis recommends a sentence with no jail time, three years' probation, a modest fine, a special assessment of $200.00, and appropriate restitution. Some background is helpful.

I. BACKGROUND

On March 21, 2019, Silvis was charged by indictment. The four-count indictment alleged violations of the Lacey Act by

virtue of representations that the out of state hunters were within a second degree of kindred to an Alaska resident when, in fact, they were not. Title 16 of the Alaska Statutes requires that a non-resident hunter be accompanied by a registered big game guide or a relative who is related to the non-resident hunter within and including the second degree of kindred. All four of the hunters involved in the counts of the indictment were identified as uncharged co-defendants. These hunters knew full well about the claimed kindred arrangement and participated in the same. Two of the counts address activities occurring in 2013, the other two counts relate to hunts occurring in 2014. There were serious statute of limitations arguments relating to the 2013 events. The government has agreed to dismiss these two counts at sentencing. Silvis pled to the 2014 hunts.

Still, for purposes of relevant conduct, Silvis has acknowledged his involvement in the 2013 hunts in the plea agreement. He has also acknowledged in the plea agreement his involvement in three prior hunts with similar misconduct, in all resulting in the unlawful taking of seven brown bears and one moose.

In August 2015, a search warrant was executed at Silvis' residence in Boise, Idaho. Silvis cooperated fully with the search and investigation. During the multi-hour interview

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

conducted with Silvis on that date, Silvis admitted his role in the misconduct. He also described the relative roles of the other uncharged co-defendants.

    II.    GUIDELINE CALCULATION

    In the draft Presentence Report, the presentence writer calculated Silvis' Total Offense Level at 6. This calculation was based upon a base offense level of 6 plus two levels for committing the matter for pecuniary gain for an adjusted offense level of 8, minus two levels for acceptance. The defense did not object and agrees that the base offense level is 6 and that Silvis is subject to a specific offense characteristic for pecuniary gain of two levels. In his plea agreement, Silvis admitted to acquiring "approximately $121,500 by unlawfully selling and providing guide services...". This figure, however, does not take into consideration the expenses associated with these hunts, minimally and conservatively estimated at more than $110,000. Still, the specific offense characteristic applies.

    In the Final Presentence Report, the presentence writer added an additional 6 levels under USSG § 2Q2.1(A) which provides: If the market value of the fish, wildlife, or plants (i) exceeds $2,500 but did not exceed $6,500, increase by 1 level; or (ii) exceeded $6,500, increase by the number of levels from the table in § 2B1.1. Citing *United States v. Butler*, 694 F.3d 1177 (10th

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Cir. 2012) as "persuasive authority" the presentence writer determined for the first time in the Final Report that the value of the animals taken illegally was approximately $77,500. In doing so, the presentence writer relies expressly on the plea agreement's restitution section which provides that the government "may" move for a "community service payment" of $70,000 (or $10,000 per bear) and restitution of $7,500 for the one moose. Silvis has not agreed to pay this amount. See pages 7-8 of the Plea Agreement. Still, the presentence writer has misapplied *Butler*.

In *United States v. Butler*, the defendants sold guided deer hunts to out-of-state hunters and provided lodging, meals, and guiding services. On several occasions, the defendants encouraged their clients to violate state hunting laws. *Id* at 1178. The court held that the value assigned the loss of wildlife pursuant to USSG § 2Q2.1 must reflect the actual value of the animals involved, not the value of the deer with the full price of the guided hunt. *Id*. at 1179. The *Butler* court determined that this finding was consistent with the express language of 2Q2.1, but the Guidelines Commentary which the court must treat as authoritative. Id. at 1182. See USSG § 2Q2.1 app. n. 4.

It is not known what the market value of bear hides is now, much less in 2014 when the last of these hunts took place. Nor

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

is it known what the value of a moose might be. Even so, the State of Alaska currently values the taking of a bear at no more than $1,300 and a moose at no more than $1,000. See AS 16.05.340(21). Applying this value to the relevant conduct Silvis has admitted to yields an increase of 2 levels, not 6.

For these reasons, Silvis submits that his Total Offense Level is 8.[1]

III. Restitution

In the Plea Agreement, Silvis provided that he would pay restitution. The government provided that it "may" request a "community service payment" in the amount of $70,000 and restitution in the amount of $7,500 for the moose and $2,500 for deposits paid for hunts that did not occur. There are multiple reasons why restitution should not be ordered in the amount requested by the government. First, restitution is limited to losses caused by the specific conduct that is the basis of the two counts of conviction here. *Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990). Here, that would limit restitution to the two 2014 bear hunts for which Silvis was convicted. Second, Silvis has no idea where the government came up with the value of $7,500 for the moose or $2,500 for deposits

---

[1] Application notes to 5C1.1 have been amended to add a new note providing that if the defendant is a non-violent first offender, like Silvis, and the applicable guideline range is in Zone A/B of the Sentencing Table, the court should consider imposing a sentence other than a sentence of imprisonment.

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

purportedly paid for hunts that did not occur. Again, Silvis was not convicted of any such offense, nor does it constitute conduct in the counts of conviction. Further, the State of Alaska appears to calculate the value of a moose for restitution purposes at $1,000. See AS 16.05.340. Third, a "community service payment" does not appear to be warranted even under the law cited by the government.

In the Plea Agreement, the government identified that the basis for requesting $70,000 as a community service payment was pursuant to § 8B1.3. However, that provision applies directly to organizations. Moreover, the commentary for § 8B1.3 appears to discourage payments of the type recommended by the government here. Further, as noted above, restitution ordered of an individual appears to be limited to the specific conduct of the counts of conviction and to an identifiable victim. Given that even the government characterizes the individuals participating in the indicted offenses as "unindicted co-defendants" it would not appear to be appropriate to order restitution to uncharged co-defendants. Finally, notions of due process would also appear to compel the conclusion that in the event restitution was ordered to these individuals, some recognition of their proportionate involvement would need to be taken into consideration.

INGALDSON FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

The State of Alaska typically imposes restitution pursuant to the schedule listed in AS 16.05.340. As a result, Silvis requests that $2,600 for restitution be ordered consistent with his involvement in taking two brown bears illegally in 2014.

IV.   CONCLUSION

For the above reasons, Silvis requests that this Court impose no jail time for the two counts of conviction. With a Total Offense Level of 8, Silvis would be eligible for no jail time. Moreover, no jail time would be consistent with the factors under 18 U.S.C. § 3553(a). Silvis anticipates speaking more on these factors at sentencing, but does want to address 18 U.S.C. § 3553(a)(6): the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The presentence writer was not able to identify similar matters by which to compare. Silvis can.

In *United States v. Christopher Alan Cassidy*, 4:10-CR-00012, the defendant was convicted of the Sale of Unlawfully Possessed Wildlife, False Record of Wildlife Intended for Interstate Transport, and Conducting Commercial Enterprise on Wildlife Refuge Without Special Permit; had a Total Offense Level of 13 and a Criminal History Category 1, and was sentenced to 5 years of probation. In *United States v. Lackner*, 3:17-CR-00087-02-TMB, Lackner was convicted of Conspiracy to Violate the Lacey Act and

False Records; had a Total Offense Level of 12 and a Criminal History Category 1, and was ultimately sentenced to 5 years of probation.

Pursuant to § 5E1.2, Silvis is subject to a fine amount between $1,000 - $10,000. Silvis recommends a modest fine in the amount of approximately $2,500, restitution of $2,600, and a special assessment of $200 pursuant to 18 U.S.C. § 3013. Silvis agrees that a three year term of supervised release be imposed.

Dated the 14th day of January, 2020 at Anchorage, Alaska.

INGALDSON FITZGERALD, P.C.
Attorneys for Defendant

s/ Kevin T. Fitzgerald
ABA No. 8711085
813 West Third Avenue
Anchorage, Alaska 99501
Fax: (907) 258-8751
E-mail: kevin@impc-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the
14th day of January, 2020,
a copy of the foregoing was
served electronically on:

Jonas M. Walker, AUSA
Steven E. Skrocki, AUSA

 s/ Kevin T. Fitzgerald
F:\W\3620.001\Pleading\Sentencing Memoradum 1.doc

USA v. Silvis
Case No. 3:19-cr-00036-SLG-DMS
Sentencing Memorandum

INGALDSON FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751